I concur in the result reached by the majority opinion. I write separately to express my concern as to the declaration of law in that opinion that "the supplemental charges provided by APT could not be considered because the events supporting those charges occurred after Hardeman's employment was terminated."
Neither the employee nor the majority cite to any authority for this declaration of law, and I have been unable to find any. Moreover, I see no need to make this declaration in this case in order to reach the result reached by the majority. Nonetheless, because the main opinion includes this declaration in its analysis, and because this declaration may be dispositive in some future case, I find it necessary to explain my concern as to its validity.
Obviously, it is possible for employees to engage in conduct or make statements after their employment has been terminated that either (1) corroborate the validity of the preexisting grounds for the termination of their employment or (2) serve as independent or additional grounds for the termination of their employment, or for not rehiring them. Included in the latter category could be actions or statements by an employee that would be inconsistent with the employee's appeal of his or her termination (e.g., actions or statements that would make it impractical to expect a harmonious or productive working relationship to exist thereafter between the employee and other personnel). In the present case, there was evidence that the employee engaged in such conduct after the termination of his employment but before the first evidentiary hearing regarding that termination. In a situation such as that presented here, I see no reason why the additional grounds based on the employee's posttermination conduct could not be addressed in that evidentiary hearing. It strikes me as particularly impractical, and as inconsistent with precepts of "judicial economy," and it is not in my judgment something necessitated by fundamental fairness and due process, to require the employer to begin a second, parallel termination proceeding based upon the additional grounds when the first termination proceeding has not even reached the evidentiary-hearing stage and all grounds could be "noticed" sufficiently in advance of, and be heard in, that evidentiary hearing. In addition, it would seem appropriate, if not necessary, in many cases for multiple grounds to be considered together because they may provide context for or corroborate one another and because the decision-maker should be able to consider their cumulative import.